COMMONWEALTH of Pennsylvania

v.

Alan S. BERSHAD, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 7, 1997.

Filed April 3, 1997.

Reargument Denied June 16, 1997.

1304

James J. Kayer, Carlisle, for appellant.

George R. Zaiser, Deputy Attorney General, Strawberry Square, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and EAKIN, JJ.

JOHNSON, Judge.

In this appeal, we are asked to determine whether subject matter jurisdiction and venue were properly established in Dauphin County where a defendant was convicted under section 3927(a) of the Crimes Code for failing to fulfill his obligation to remit taxes on another's behalf. We are also asked to consider whether section 3927(a) of the Crimes Code is unconstitutional. We find that subject matter jurisdiction and venue were proper in the locus of the defendant's failure to act. We also conclude that section 3927(a) is not unconstitutionally vague and that it does not unconstitutionally shift the burdens of proof, of persuasion, and of production to the defendant. Accordingly, we affirm.

The trial court succinctly summarized the facts as follows:

Alan Bershad was the Comptroller of Penn Triple S. He was responsible for preparing the sales tax returns for the company and for filing the return [and] remitting the tax on a monthly basis. The proceeds from cigarette vending machine sales received by Penn Triple S were subject to a 6% sales tax and returns were required to be filed and taxes paid to the Commonwealth of Pennsylvania, Department of Revenue on a monthly basis.

An audit conducted by the Department of Revenue for the period from May 1989 through June 1992 revealed that the monthly sales tax returns prepared on behalf of the corporation and paid to the Department of Revenue were underpaid by nearly $600,000.

During the same period of time, the other principals of the partnership discovered that Defendant had written certain checks to himself or to "cash" from the bank account of Penn Triple S and had listed the checks as a loan receivable. In June of 1992, [the] defendant informed the other principals of the partnership that he had gambled away the money withdrawn from the bank account at Triple S. Defendant then entered into an agreement (known as the Points Agreement) with his partners to sell certain of his assets to settle his obligations to the corporation for the amounts withdrawn from the bank. In essence, [the] defendant agreed to return to Penn Triple S the net proceeds after taxes of several assets which he owed [sic]. Defendant paid back to the corporation approximately $350,000 under the Points Agreement.

By the time of trial, approximately $270,000 of the total sales tax deficiency of $593,000 had been repaid to the Commonwealth of Pennsylvania leaving approximately $322,806.31 owing to the government. The restitution paid to the Commonwealth was paid through the corporation.

Trial Court Opinion, February 14, 1996, at 1–2.

In May of 1994, the Commonwealth filed a criminal complaint against Bershad. He was charged with thirty-three counts of theft because he failed to pay Penn Triple S's taxes to the Pennsylvania Department of Revenue. On October 17, 1994, Bershad submitted omnibus pretrial motions, which were denied.

On September 11, 1995, Bershad received a bench trial on stipulated facts. The trial court found Bershad guilty on all counts and imposed an aggregate sentence of two years and nine months to eight years' imprisonment. At the conclusion of the sentencing hearing, Bershad requested bail; that request was denied. He then filed post-sentence motions, which were also denied. Bershad now appeals.

On appeal, Bershad argues that: (1) the trial court did not have subject matter jurisdiction over this case; (2) venue was improper; (3) section 3927(a) of the Crimes Code is unconstitutional because it is vague both on its face and as applied to his case; (4) section 3927(a) is unconstitutional because it impermissibly shifts the burdens of proof, of persuasion, and of production to the defendant; (5) the Commonwealth is prohibited from prosecuting him under a general provision of the Pennsylvania Crimes Code because a provision of the Tax Reform Code provides criminal penalties for the same conduct; (6) the sentencing court failed to adequately consider mitigating factors and failed to impose an individualized sentence; (7) the trial court erroneously excluded relevant psychiatric evidence; and (8) the information failed to allege essential elements of the charged offense.

Bershad's first contention is that the trial court did not have subject matter jurisdiction over this case and that venue was improper in Dauphin County. Essentially, he argues that no conduct relevant to the charge of theft by failure to make required disposition of funds received, 18 Pa.C.S. § 3927(a), occurred in Dauphin County.

Theft by failure to make required disposition of funds received is defined as follows:

A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required payment or disposition. The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition.

18 Pa.C.S. § 3927(a). While section 3927(a) requires that the defendant "intentionally" deal with the property obtained as his own, see 18 Pa.C.S. § 302(d), the culpability required for the remaining elements is not prescribed by statute. Therefore, the remaining elements are established "if a person acts intentionally, knowingly or recklessly with respect" to the remaining elements. See 18 Pa.C.S. § 302(c). "The statute proscribing theft by the failure to make the required disposition of funds received was designed to require the actor to meet the obligation under which he undertook to collect monies or property of another." *Commonwealth v. Wood*, 432 Pa.Super. 183, 200, 637 A.2d 1335, 1344 (1994).

The locus of a crime is always in issue and a criminal court will have jurisdiction over a criminal case if some overt act involved in the crime, or a culpable failure to act, occurred within the county where the charges are brought. *Commonwealth v. Boyle*, 516 Pa. 105, 112, 532 A.2d 306, 309 (1987). In *Boyle*, our supreme court stated that:

A determination of the locus of a crime becomes more difficult when the crime consists of a failure to act. In determining the locus of a failure to act, it is necessary to consider the nature of the duty and that specific act which the defendant failed to perform. We must also look to the nature of the offense and the elements thereof to determine whether the crime was sufficiently related to the locus where the defendant is being prosecuted.

*Boyle, supra,* at 113, 532 A.2d at 310.

■ Contrary to Bershad's contentions that all of the alleged criminal conduct oc-

curred in Bucks County, application of the above-discussed analysis to the instant case reveals that the crime Bershad was charged with is also sufficiently related to Dauphin County.

In *Boyle*, our supreme court addressed whether subject matter jurisdiction for a Tax Code offense existed in the county where the defendant's obligation to file and remit taxes occurred. *Boyle, supra*, at 111, 532 A.2d at 309. The *Boyle* court found that jurisdiction was proper where the acts giving rise to the obligation to file and remit taxes occurred. *Id.* at 113, 532 A.2d at 310. Significantly, the court also concluded that jurisdiction and venue to try crimes of omission were properly vested in the county where performance of the acts was due. *Id.* at 115, 532 A.2d at 311; *Commonwealth v. Bennardo*, 369 Pa.Super. 333, 336, 535 A.2d 185, 186 (1987) ("[N]o branch office has ever been designated as the office for filing [tax] returns, we find the trial court erred in transferring venue and jurisdiction from a locus where it admittedly properly lay (Dauphin County) to Allegheny County, based on the fact that a branch office existed there."). Thus, failure to file a tax return constitutes a failure to act in Dauphin County. *See Boyle, supra; Bennardo, supra.*

Here, as Penn Triple S's Comptroller, Bershad was required to collect sales taxes and remit this money to the Pennsylvania Department of Revenue. Although Bershad obtained the funds in Bucks County, the evidence indicates that Bershad failed to make the required disposition of these funds by not paying Penn Triple S's taxes to the Pennsylvania Department of Revenue, which is located in Dauphin County. Instead, he intentionally dealt with the funds as his own by gambling with the money. After considering the nature of Bershad's duty to Penn Triple S and the act which Bershad failed to perform, we find that the locus of Bershad's failure to act was Dauphin County. *Boyle, supra; Wood, supra.* Thus, both subject matter jurisdiction and venue are proper in Dauphin County.

Bershad's next argument is that section 3927(a) of the Crimes Code violates both the

Pennsylvania and United States Constitutions because it is vague both on its face and as applied to his case. He also asserts that section 3927(a) is unconstitutional because it impermissibly shifts the burdens of proof, of persuasion, and of production from the Commonwealth to the defendant. Bershad's constitutional challenges all rest on the interpretation of the final sentence of section 3927(a): "The foregoing applies notwithstanding that it may be impossible to identify particular property as belonging to the victim at the time of the failure of the actor to make the required payment or disposition."

One who challenges the constitutionality of a statute has a heavy burden of persuasion because there is a strong presumption of the constitutionality of that legislative enactment. *Commonwealth v. Swinehart*, 541 Pa. 500, 507, 664 A.2d 957, 961 (1995). We will not invalidate a statute absent a clear, palpable, and plain demonstration that the statute is unconstitutional. *Id.*

■ In determining whether a statute is void for vagueness, the test is whether "the prohibited conduct is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Commonwealth v. Nelson*, 514 Pa. 262, 278, 523 A.2d 728, 737 (1987). "A criminal statute must be sufficiently certain and definite to inform the accused of the acts it intends to prohibit and the penalties which will be imposed should the statute be violated." *Commonwealth v. McClintock*, 433 Pa.Super. 83, 92, 639 A.2d 1222, 1226 (1994), citing *Commonwealth v. Boyle*, 533 Pa. 360, 625 A.2d 616 (1993). Vagueness is determined from the face of the statute itself. *Id.* at 93, 639 A.2d at 1226.

■ Bershad argues that "[n]o one [ ] can say with precision what element of the offense the final sentence of Section 3927(a) refers to in its application." Brief for Appellant at 44. We disagree. *Commonwealth v. Crafton*, 240 Pa.Super. 12, 367 A.2d 1092 (1976), is dispositive of this issue. In *Crafton*, this Court addressed whether section 3927(a) required the Commonwealth to prove that specific monies were not disbursed. *Crafton, supra,* at 17, 367 A.2d at 1096. In that case, the Commonwealth proved that the defendant was paid money to organize a trip and that on the due date the defendant was unable to meet more than fifty percent of the required payment for that trip. *Id.* at 18, 367 A.2d at 1095. The *Crafton* court found that section 3927(a) did not require that the Commonwealth prove that specific monies were not disbursed. *Id.* at 18–19, 367 A.2d at 1095. The court stated:

> This is a recognition of the difficulty in showing the route of specific monies through a commercial checking account. As we noted above, criminal liability did not attach until appellant failed to make the payment. We feel that the Commonwealth offered proof in a manner permitted by the statute and in the only practical way.

*Id.* Thus, according to *Crafton*, the final sentence of section 3927(a) relates only to the Commonwealth's burden of specifically identifying the victim's funds. *Id.* Section 3927(a) clearly states that a defendant has committed a crime where the Commonwealth proves beyond a reasonable doubt that the defendant has obtained funds under a known obligation, has intentionally dealt with the funds as his or her own, and has failed to make the required disposition of those funds. 18 Pa.C.S. § 3927(a). After carefully considering section 3927(a) in its entirety, we find that the statute is sufficiently definite, and that persons of common intelligence will not be forced to guess about its meaning or application. *Nelson, supra.* We therefore find that section 3927(a) of the Crimes Code is not unconstitutionally vague either on its face or as applied to the instant case.

■ Having found that the statute is not void for vagueness, we next consider whether it impermissibly shifts the burdens of proof, of persuasion, and of production to the defendant. Bershad implores this Court to assume that the final sentence of section 3927(a) applies equally to each element of the offense. This argument must also fail.

■ "Constitutional due process requires that the government prove every fact necessary to constitute the crime beyond a reasonable doubt. The burden of proof never shifts but rests with the prosecution throughout." *Commonwealth v. Wagaman*, 426 Pa.Super. 396, 401, 627 A.2d 735, 737 (1993) (citations omitted).

Here, the final sentence of section 3927(a) clearly relates to specific identification of the victim's particular property at the time the defendant fails to make the required payment or disposition of the victim's property. *Crafton, supra.* The final sentence of section 3927(a) does not negate the Commonwealth's burden to prove beyond a reasonable doubt that the defendant: (1) obtained the property of another; (2) subject to an agreement or legal obligation; (3) intentionally dealt with the property, which was obtained via an agreement or legal obligation, as his own; and (4) failed to make the required disposition of that property. 18 Pa.C.S. § 3927(a). Because the statute requires the Commonwealth to prove each element beyond a reasonable doubt, it does not shift the burdens of proof, of persuasion, and of production from the Commonwealth to the defendant.

The final sentence of section 3927(a) was designed to address the type of situation presented by the instant case. *See Crafton, supra.* Here, Bershad obtained funds that were the property of Penn Triple S from a checking account over which he exercised control. Bershad then used these funds to gamble. It would have been impossible for the Commonwealth to specifically identify the victim's funds in this case because the money was expended by Bershad's gambling. *See Crafton, supra.* Rather, the Commonwealth proved that Bershad obtained the money under a known obligation, dealt with the money as his own, and failed to remit the proper amount of taxes to the Pennsylvania Department of Revenue. Section 3927(a) does not shift the burdens of proof, of persuasion, and of production from the Commonwealth to the defendant. Therefore, Bershad's contention is meritless.

Next, Bershad contends that the information should be dismissed because the Commonwealth charged him under a general provision of the Crimes Code, 18 Pa.C.S. § 3927(a), rather than under a specific section of the Tax Reform Code, 72 P.S. § 7268(b).

■ In *Commonwealth v. Warner*, 504 Pa. 600, 476 A.2d 341 (1984), our supreme court stated:

It is true that "[i]t is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special penal provisions available." This policy is only applicable, however, where the conflict between the statutes is irreconcilable.

*Warner, supra,* at 606, 476 A.2d at 344, quoting *Commonwealth v. Brown*, 346 Pa. 192, 199, 29 A.2d 793, 796–797 (1943). Where a general statute has elements that distinguishes it from the special statute, the two statutes do not "irreconcilably conflict." *Commonwealth v. Miller*, 414 Pa.Super. 56, 64, 606 A.2d 495, 498 (1992). Moreover, this Court has stated that charges under both a general and special statute may be pursued in one trial as long as the general statute has elements that are not part of the special statute. *Commonwealth v. Vergotz*, 420 Pa.Super. 440, 447, 616 A.2d 1379, 1383 (1992).

■ As discussed above, Bershad was charged with theft by failure to make required disposition of funds, 18 Pa.C.S. § 3927(a). He argues that this provision irreconcilably conflicts with a special penal provision of the Tax Reform Code, 72 P.S. § 7268(b). A defendant violates section 7268(b) of the Tax Reform Code, if that defendant: (1) maintains a business at a location in the Commonwealth; (2) sells or leases tangible property subject to sales tax; and (3) willfully fails to collect and remit the sales tax monies due from purchasers to the Department of Revenue. We agree with both the Commonwealth and the trial court that the contrast between these two provisions is obvious.

Unlike section 3927(a) of the Crimes Code, section 7268(b) of the Tax Reform Code does

not require that the defendant obtain the property of another, or that the defendant intentionally deal with the property as though it was his own. 18 Pa.C.S. § 3927(a). Thus, we find that section 7268(b) of the Tax Reform Code was not designed to require the defendant to meet the obligation under which he obtained the property of another. *See Wood, supra,* at 200, 637 A.2d at 1344. Bershad's contention is therefore meritless.

Bershad also argues that the sentencing court failed to: (1) adequately consider his rehabilitative needs; (2) consider mitigating factors and thus did not impose an individualized sentence; and (3) discuss its reasons for sentencing him in the standard range, rather than the mitigated range. Bershad thus questions the discretionary aspects of his sentence. *Commonwealth v. Cruz–Centeno,* 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied* 544 Pa. 653, 676 A.2d 1195 (1996); *Commonwealth v. Impellizzeri,* 443 Pa.Super. 296, 661 A.2d 422 (1995), *appeal denied* 543 Pa. 725, 673 A.2d 332 (1996); *Commonwealth v. Lawson,* 437 Pa.Super. 521, 650 A.2d 876 (1994); *Commonwealth v. Schueg,* 400 Pa.Super. 52, 582 A.2d 1339 (1990). As a preliminary matter, we note that Bershad must include in his brief a separate concise statement that demonstrates that a substantial question exists as to the appropriateness of the imposed sentence. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Bershad has complied with this requirement.

■ Bershad's 2119(f) statement must demonstrate that a substantial question exists as to whether the sentence imposed is appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 236, 653 A.2d 706, 710, *appeal denied,* 541 Pa. 625, 661 A.2d 873 (1995). Although the determination of whether an issue constitutes a substantial question must be handled on a case-by-case basis, this Court will generally review the discretionary aspects of sentencing where an appellant advances a colorable argument that the sentencing court's actions "were either

inconsistent with or contrary to specific provisions of the Sentencing Code or to the fundamental norms which underlie the sentencing process." *Urrutia, supra,* at 236, 653 A.2d at 710.

■ In the present case, Bershad's 2119(f) statement fails to demonstrate that a substantial question exists regarding any of his contentions. First, Bershad's claim that the trial court did not give adequate consideration to his rehabilitative needs does not present a substantial question. *Lawson, supra,* at 531, 650 A.2d at 881 (claim that sentencing court did not give adequate consideration to defendant's rehabilitative needs does not present a substantial question). Likewise, Bershad's second contention that the trial court failed to adequately consider mitigating factors, and to therefore impose an individualized sentence, fails to present a substantial question. *Cruz–Centeno, supra,* at 117, 668 A.2d at 545 (claim that sentencing court did not adequately consider certain factors does not raise a substantial question); *cf. Schueg, supra,* at 54–55, 582 A.2d at 1340–41 (defendant raised a substantial question where he argued that his sentence was not individualized because the sentencing court primarily relied on the Probation Department's recommendations and how other judges treated similar cases). Bershad's final argument also fails to present a substantial question because the trial court is only required to state its reasons on the record when it deviates from the sentencing guidelines. *See* 42 Pa.C.S. § 9721(b); *cf. Impellizzeri, supra,* at 318, 661 A.2d at 433 (a sentencing court must set forth on the record and in defendant's presence its reasons for deviating from the sentencing guidelines; where defendant claims that a sentencing court deviated from the guidelines, but failed to state its reasons on the record, a substantial question is raised). Because we find that Bershad has not presented any substantial question for our review, we decline to address his sentencing claims.

Bershad then contends that the trial court erroneously excluded relevant psychiatric evidence. This court has stated:

"With respect to the admission of evidence, the trial court has broad discretion and will not be reversed absent an abuse of that discretion. The trial court should not admit evidence that has no relevance to a case. Relevant evidence is that which tends to establish facts in issue or in some degree advances the inquiry and is therefore probative."

*Impellizzeri, supra,* at 308, 661 A.2d at 428 (citations omitted); *Commonwealth v. Hickman,* 453 Pa. 427, 433–34, 309 A.2d 564, 567–68 (1973) ("Evidence is relevant if it tends to establish some material fact to the case or tends to make facts at issue more or less probable.").

We have thoroughly reviewed the record, the briefs of the parties, and the well-reasoned Opinion of the trial court. We find that there is no merit to Bershad's contention that the trial court erroneously excluded relevant psychiatric evidence. The Opinion of the trial judge, the Honorable Richard A. Lewis, comprehensively discussed and correctly disposed of this issue.

Bershad's final contention is that the information failed to allege essential elements of the charged offense. Again, we find no merit to Bershad's contentions on this issue and that Judge Lewis's Opinion also correctly disposed of this issue.

Based on the foregoing, the judgment of sentence is **AFFIRMED.**