J-S64010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON SIMOLA | |
| Appellant | No. 214 WDA 2014 |

Appeal from the Judgment of Sentence August 14, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002515-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 7, 2014**

Brandon Simola appeals from his judgment of sentence imposed in the Court of Common Pleas of Allegheny County following his convictions for one count each of:  retail theft (F3),[1] simple assault (M2),[2] possession of a controlled substance,[3] and possession of drug paraphernalia.[4]  Upon review, we affirm.

On May 23, 2013, Simola pled guilty to the above-listed offenses.  The court sentenced Simola to an aggregate term of 18 to 36 months'

_____

[1] 18 Pa.C.S. § 3929(a)(1).

[2] 18 Pa.C.S. § 2701 (a)(1).

[3] 35 Pa.S. § 780-113(a)(16).

[4] 35 Pa.S. § 780-113 (a)(32).

imprisonment, followed by two years of probation. Following the trial court's denial of his post-sentence motion on January 3, 2014, Simola filed a timely notice of appeal.[5]

On appeal, Simola contends that the court abused its discretion by failing to consider his rehabilitative needs and imposing a manifestly excessive and unreasonable sentence. Simola's claim implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

---

[5] On February 13, 2014, the trial court ordered a statement of errors complained of on appeal, to which Simola timely responded, claiming the court imposed an illegal sentence at count one and that the court abused its discretion. Simola's first claim was based on a scrivener's error, which resulted in the docket reflecting a different sentence from that imposed at the time of sentencing. On June 23, 2014, the trial court submitted its Rule 1925(a) opinion and corrected the scrivener's error on the docket to reflect the correct sentence.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations and quotations omitted).

Here, Simola has met the first three requirements of the four-part test. However, as this Court recently noted in *Griffin*, there is ample precedent to support a determination that Simola's allegation fails to raise a substantial question. *Griffin*, 65 A.3d at 936-37 (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (claim that trial court failed to consider defendant's rehabilitative needs, age, and educational background did not present substantial question); *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise substantial question where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (claim that trial court failed to appropriately consider appellant's rehabilitative needs does not present substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question)).

Even if we were to find that Simola's claim did raise a substantial question, the underlying allegation is meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Griffin**, 65 A.3d at 937-38 (citations omitted).

The record belies Simola's claim that the court failed to acknowledge his "dire need to be rehabilitated given the serious drug-addiction that has plagued him for the majority of his adult life." Appellant's Brief, at 11. As the trial court explained,

> [Simola's] drug problem was addressed in the presentence report and discussed at the sentencing hearing. The [c]ourt, responding to [Simola's] statement that he had entered a methadone treatment program shortly before the sentencing hearing, noted that he had been arrested on June 13, **three weeks after he entered his plea in this case**, and charged

with possession of heroin. [We] explained the reasons for the sentenced imposed:

> The [c]ourt's reviewed the pre-sentence report for a second time. Keep coming up with the same conclusion. You have been going in and out of this court system since 1998. Doing the math, that's 15 years. 15 years of using drugs, retail theft, sexual assault, simple assault, theft by deception, criminal conspiracy, and now all of a sudden -- after you enter a plea of guilty to retail theft in May, you get arrested again for possession. Now all of a sudden you're in a methadone maintenance program. Possession, by the way, of heroin. I think it has been 15 years of judges trying to reach you and haven't been successful.

Trial Court Opinion, 6/23/14, at 3-4 (emphasis in original). Thus, the court considered Simola's drug addiction and weighed his rehabilitative needs against his fifteen years of criminal activity and concluded that incarceration would both prevent him from using drugs and preying on others to support that addiction.

Based on our review of the record, Simola has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Griffin*, *supra*. Thus, for all of the foregoing reasons, we decline to disturb Simola's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2014