J-S68015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY DELGADO, | |
| Appellant | No. 515 EDA 2015 |

Appeal from the Judgment of Sentence Entered January 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013657-2011

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED DECEMBER 30, 2015**

Appellant, Tony Delgado, appeals from the judgment of sentence of an aggregate term of 2 to 5 years' imprisonment, imposed after the court revoked his term of probation based on technical violations.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the relevant facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> On February 22, 2012, Appellant was found guilty of criminal trespass as a felony of the third degree, as well as theft by unlawful taking and receiving stolen property as misdemeanors of the third degree by the [H]onorable Charles Ehrlich.  Prior to sentencing, Judge Ehrlich ordered a Presentence Investigation and Mental Health Evaluation.
>
> On April 24, 2012, Judge Ehrlich sentenced Appellant to 11½ to 23 months['] incarceration, followed by 3 years['] probation on the criminal trespass, and no further penalty on the 2 remaining charges.  Thereafter, Judge Ehrlich relinquished jurisdiction and the case was referred to Mental Health Court (MHC).  On June

28, 2012, Appellant was formally entered into MHC. As is procedure in MHC, Appellant was scheduled for status of mental health and treatment hearings at regular intervals to monitor his compliance and progress.

On February 27, 2013, Appellant was paroled to Gaudenzia North Broad. On March 31, 2013, Appellant failed to appear for Court and a violation hearing was scheduled. At the June 13, 2013 violation hearing, it was reported that Appellant had been discharged from Gaudenzia North Broad for testing positive for drugs on two separate occasions, and for leaving the facility without permission. Following the hearing, Appellant was found in technical violation, his probation/parole was revoked, and a new sentence of 11½ to 23 months['] confinement followed by 4 years['] reporting probation, with immediate parole, was implemented. On June 26, 2013, Appellant was released to NET Frankford and Fresh Start Recovery House. On August 15, Appellant was not in compliance with the conditions of his program and received a jury box sanction. On October 23, 2013, Appellant was taken into custody after the director at Fresh Start informed Appellant's probation officer that Appellant was being discharged for non-compliance. Appellant remained in custody until January 23, 2014, when he was paroled to the Homeward Bound program.

On May 28, 2014, Appellant's probation officer received a call from Appellant's recovery coach at Homeward Bound indicating that Appellant had failed to attend his treatment appointment on May 23, 2014. It was also reported that Appellant was scheduled to be in attendance five days a week, but would only show up three days a week. In addition, when Appellant was in attendance, he would sleep through the group sessions, and walk in and out of groups. On June 11, 2014, Appellant's probation officer received a report from his Homeward Bound case manager that Appellant had tested positive for cocaine. On June 12, 2014, Appellant absconded from the program and failed to appear at the July 17, 2014 [MHC] hearing. A bench warrant was issued and Appellant was taken into custody on October 4, 2014. A forthwith mental health evaluation was ordered and a violation hearing was scheduled. At the hearing, Appellant's case manager testified to the aforementioned events and Appellant's probation summary was entered into evidence. On January 15, 2015, following the hearing, the Court found Appellant in technical violation, revoked probation, and sentenced Appellant to 2 to 5 years in state custody. Appellant's

Motion to [V]acate and Reconsider Sentence was denied without a hearing. This appeal followed.

Trial Court Opinion (TCO), 4/13/15, at 1-3.

Herein, Appellant presents the following issues for our review: "Was not the sentence of two to five years['] total confinement manifestly excessive and grossly disproportionate to [A]ppellant's technical violations, and was [it not] far in excess of what was necessary to foster [A]ppellant's rehabilitation?" Appellant's Brief at 3.

Initially, we note that Appellant's allegations relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Appellant has met the first prong of the four-part test by filing a timely notice of appeal on February 17, 2015.[1]  However, the Commonwealth argues that Appellant's claims are not reviewable because he failed to properly preserve the issues at sentencing or in a timely motion for reconsideration.  After careful review of the record, we are constrained to agree with the Commonwealth.  Appellant's motion for reconsideration was filed two weeks late, on February 9, 2015.[2]  *See* Pa.R.Crim.P. 708(E) (providing that a post-sentence motion to modify a sentence imposed after revocation shall be filed within ten days of the date of imposition); *see also Commonwealth v. Wrecks*, 931 A.2d 717 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal.").  On February 19, 2015, the trial court entered an order accepting the motion for reconsideration *nunc pro tunc*; however, the trial court did not have jurisdiction to do so, as the notice of appeal had been filed two days prior, on February 17, 2015.  *See* Pa.R.A.P. 1701(a) (providing that after an appeal is filed, the trial court may no longer proceed in the matter).

---

[1] The revocation order from which Appellant appealed was entered on January 15, 2015.  Because 30 days from the date of the order fell on Saturday, February 14, 2015, and Monday, February 16, 2015 was a court holiday, the notice of appeal was due February 17, 2015.  *See* 1 Pa.C.S. § 1908.

[2] Appellant was informed at the revocation hearing of the 10-day time requirement for filing a post-sentence motion.  *See* N.T. Revocation Hearing, 1/15/15, at 19.

Moreover, Appellant failed to raise any objection to the sentence imposed at the revocation hearing. *See* N.T. Revocation Hearing at 16-20.

Even if these issues were properly preserved, we are further precluded from reviewing Appellant's claims because he failed to raise a substantial question to meet the final requirement of the four-part test outlined above. As we explained in *Moury*:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (citations and internal quotations omitted).

Appellant contends that his sentence is excessive and unreasonable, as it is grossly disproportionate to his violations, and further contends that his sentence far exceeds what is necessary to foster his rehabilitation. Appellant's Brief at 12. However, "a bald assertion that Appellant's sentence was excessive, devoid of supporting legal authority does not present a substantial question," and therefore, is not reviewable by this Court. *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). Moreover, we have stated that "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." *Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa. Super. 2001) (internal citation omitted; emphasis in original). Specifically, there is ample precedent to support a determination

that a claim that the trial court failed to consider an appellant's rehabilitative needs fails to raise a substantial question. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa. Super. 2001) (citing *Commonwealth v. Mobley*, 581 A.2d 949, 952 (1990) (holding that a claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines)); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (concluding that a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question).

In his second claim, Appellant asserts that his sentence does not comply with 42 Pa.C.S. § 9771(c), which expressly limits the sentencing court's authority to impose a sentence of total confinement upon revocation to the following circumstances:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

In response, we first note that this claim is also waived due to Appellant's failure to properly preserve it at the revocation hearing or in a timely motion for reconsideration. However, were we to address the merits

of this final issue raised by Appellant, we would conclude that the claim is without merit.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.
>
> ***
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Perry*, 883 A.2d 599, 602-603 (Pa. Super. 2005) (citations omitted). We further note that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013).

Here, Appellant argues that his actions did not fall within any of the categories listed in 42 Pa.C.S. § 9771(c) and, therefore, incarceration is impermissible. Appellant's Brief at 16. However, the statute provides that, if the original offense was punishable by total confinement, such a penalty is available to a revocation court when one of the above enumerated circumstances is found. 42 Pa.C.S. § 9771. As the court explained in its Pa.R.A.P. 1925(a) opinion,

- 7 -

Appellant's behavior … demonstrated to the [c]ourt that he had not benefitted from probation and the services provided during his probation. Appellant failed to comply with the conditions of his sentence despite the [c]ourt giving him informal sanctions before violating him a second time. It became obvious that Appellant was unable to conform his behavior.

TCO at 6. Based on the foregoing, it was reasonable for the trial court to impose a sentence of total confinement to vindicate the court's authority. *See* 42 Pa.C.S. § 9771(c)(3).

Moreover, Appellant's sentence is well within the standard range of guidelines. The trial court provided a detailed explanation of the sentencing guidelines and its reasoning for the sentence imposed in the following portion of its Rule 1925(a) opinion:

Upon revoking a defendant's probation, a court has available to it essentially all the sentencing alternatives that existed at the time of the initial sentencing, limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. Appellant was found guilty of criminal trespass as a third degree felony which carries a maximum penalty of 7 years['] incarceration. Therefore, Appellant's sentence of 2 to 5 years['] incarceration with credit for time served, is well below the maximum. Moreover, technical violations can support revocation and a sentence of incarceration where such violations are flagrant and indicate an inability to reform. *Commonwealth v. Allshouse*, 2009 PA Super 47, 969 A.2d 1236, 1241 (Pa. Super. Ct. 2009). In light of Appellant's continued non-compliance with the conditions of his sentence and the rules of MHC, the sentence was appropriate. The assertion that Appellant's sentence is grossly disproportionate for failing to tailor it to his individual circumstances is without any support in the record. Appellant failed to attend treatment meetings, was non-compliant with staff, and tested positive for cocaine. In addition, this was Appellant's second revocation as a result of non-compliance. In total, Appellant was placed in three different treatment facilities under MHC supervision, but was discharged from each for his non-compliance and positive drug

tests. Appellant absconded from his last treatment facility, and failed to appear at the following [c]ourt listing.

TCO at 4-5.

After careful review of the record, we ascertain no abuse of discretion by the trial court. Thus, even had Appellant preserved his issues for our review, we would not afford him sentencing relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015