J-S45015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER ALPHA HOLDER, | |
| Appellant | No. 1401 WDA 2015 |

Appeal from the Judgment of Sentence of August 14, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002936-2014

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 29, 2016**

Appellant, Christopher Alpha Holder, appeals from the judgment of sentence entered on August 14, 2015, following his *nolo contendere* plea to aggravated assault and rape.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 10, 2014, Appellant took the female victim to his residence to watch a movie.  Appellant threw the victim on the couch, struck her multiple times in the face, knocked out her front teeth, smashed a 40-ounce beer bottle on her head, stabbed her in the back with the broken beer bottle, choked her, and bit her breasts.  Appellant also forced the victim

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 3121(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

to perform oral sex upon him and he engaged in vaginal and anal intercourse with the victim. When Appellant fell asleep, the victim escaped.

On July 7, 2015, the trial court accepted Appellant's *nolo contendere* plea to aggravated assault and rape. The trial court ordered a pre-sentence investigation (PSI) report and scheduled sentencing. On August 14, 2015, the trial court held a sentencing hearing. At the hearing, the trial court considered the PSI report and letters from Appellant, the victim, and the victim's father as well as information that Appellant was receiving mental health treatment. The trial court ultimately sentenced Appellant to 84 to 168 months of incarceration for aggravated assault and a consecutive term of 78 to 156 months of imprisonment for rape. On August 21, 2015, Appellant filed a motion to reconsider his sentence. The trial court denied relief by order entered on August 24, 2015. This timely appeal resulted.[2]

On appeal, Appellant presents one issue for our review:

> Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, especially in that the sentence did not properly take into account the several mitigating factors present?

Appellant's Brief at 1 (complete capitalization omitted).

_____

[2] On September 14, 2015, Appellant filed a notice of appeal. On the same date, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on September 30, 2015. On October 16, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant contends that although the trial court imposed his sentences within the sentencing guidelines, "[p]ursuant to [42 Pa.C.S.A.] § 9781(c)(2) the sentences imposed were manifestly excessive and clearly unreasonable." *Id.* at 5. Appellant asserts the trial court abused its discretion by failing to consider mitigating factors, including his decision to avoid trial by entering a plea of *nolo contendere*, his expressed remorse and apology to the victim, his mental health issues (depression and post-traumatic stress syndrome (PTSD)), and his problems with alcohol abuse. *Id.* at 5-6. He also claims the trial court failed to consider that he is a father and had been employed. *Id.* at 6.

Appellant's claims raise a challenge to the discretionary aspects of his sentence, which must be considered a petition for permission to appeal. ***Commonwealth v. Roberts***, 133 A.3d 759, 774 (Pa. Super. 2016) (citation omitted). To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.*

Here, Appellant has satisfied the first three requirements. Appellant filed a timely notice of appeal, adequately preserved his claims in a

- 3 -

post-sentence motion, and included a Rule 2119(f) statement in his brief. However, we conclude that Appellant fails to raise a substantial question. *See Commonwealth v. Griffin*, 65 A.3d 932, 936-937 (Pa. Super. 2013) (claim that the trial court failed to consider the defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question), *citing Commonwealth v. Cannon*, 954 A.2d 1222, 1228–1229 (Pa. Super. 2008) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa. Super. 2001), *citing Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that a sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where the sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (claim that trial court failed to appropriately consider appellant's rehabilitative needs does not present substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

Even if we were to determine that Appellant raised a substantial question, we find no merit to the underlying allegation. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Griffin***, 65 A.3d at 937.

In reviewing a sentence on appeal, an appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
>> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781.

When imposing a sentence,

a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz–Centeno*, 668 A.2d 536 (Pa. Super. 1995) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Griffin*, 65 A.3d at 937-938 (quotations and most internal citations omitted).

As noted above, the trial court had the benefit of a PSI. Thus, we presume that the trial court was aware of Appellant's character when fashioning Appellant's sentence. Moreover, at sentencing, counsel for Appellant told the trial court that, in addition to the facts contained in the PSI, Appellant was also seeking mental health treatment in prison for depression and PTSD. N.T., 8/14/2015, at 7-8. Thus, the trial court was aware of all of the mitigating circumstances in this case before sentencing Appellant to standard range sentences.

Finally, the trial court stated its reasons for the sentence on the record prior to imposing it. The trial court expressly stated it considered Appellant's age, personal circumstances (i.e., parental and employment status), and acceptance of responsibility in pleading, as well as his mental health and

abuse of alcohol. *Id.* at 15-16. The trial court also stated, however, that it could not "ignore the fact that [the instant crimes occurred] in the wake of an extensive and continuous prior criminal record from 2009" including convictions for public drunkenness, underage drinking, disorderly conduct, cruelty to animals, and two counts of indirect criminal contempt for violations of a protection from abuse order. *Id.* at 16. Further, Appellant committed the instant crimes while he was on parole for a felony conviction. *Id.* The trial court considered a letter written by the victim and read in open court. *Id.* at 12. In imposing sentence, the trial court stated "[t]he amount of force and violence [Appellant] used against [the victim] is incredible" and "just horrific." *Id.* at 17. The trial court determined that Appellant's actions caused extensive physical and emotional damage to the victim. *Id.*

In sum, the trial court carefully considered all of the information before imposing Appellant's sentence. We discern no abuse of discretion and do not consider Appellant's sentences to be excessive or unreasonable. Accordingly, Appellant's sole issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2016