J-A25001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD WILLIAMS | |
| Appellant | No. 166 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 24, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-MD-0001715-1988

BEFORE:  STABILE, McLAUGHLIN, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　**FILED DECEMBER 20, 2019**

Appellant Bernard Williams appeals *nunc pro tunc* from the July 24, 2018 judgment of sentence entered in the Court of Common Pleas of Dauphin County ("trial court") following a resentencing hearing held pursuant to ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[1]  Upon review, we affirm.

The facts and procedural history of this case are uncontested and fully recounted by the trial court.  ***See*** Trial Court Opinion, 3/29/19 at 1-18; ***Commonwealth v. Williams***, No. 514 Harrisburg 1989, unpublished

---

[1] In ***Miller***, the U.S. Supreme Court determined that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." ***Miller***, 132 S.Ct. at 2460.  In ***Montgomery***, the U.S. Supreme Court held that ***Miller*** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. ***Montgomery***, 136 S.Ct. at 736.

memorandum, at 1-5 (Pa. Super. filed July 3, 1990) (citation omitted). Briefly, in connection with the bludgeoning death of State Representative William Telek, Appellant was charged and convicted, among other things, of first-degree murder. The trial court sentenced Appellant, who was seventeen years and seven months old at the time of Representative Telek's murder, to life imprisonment without the possibility of parole ("LWOP").

On August 23, 2012, years after Appellant's judgment sentence became final, he filed a petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46, requesting relief under *Miller*. Appellant argued that his sentence of LWOP for first-degree murder was unconstitutional because he was under the age of eighteen at the time of Representative Telek's murder. On March 22, 2016, Appellant amended his PCRA petition to note that *Miller* applied retroactively on collateral review consistent with *Montgomery*. The PCRA court agreed, and scheduled a resentencing hearing on the first-degree murder conviction.[2] On August 7, 2017, Appellant's counsel, Andrea Haynes, filed a detailed sentencing memorandum, wherein she noted:

> [i]t wasn't until he was able to see the rehabilitation side of jail that things truly changed for him. After years of being denied programming as a lifer, [Appellant] has taken advantage of programs and classes and has hope for the first time that his life could be something more than his past.

---

[2] Moreover, on May 25, 2016, the United States District Court for the Middle District of Pennsylvania granted Appellant's petition for writ of *habeas corpus* and, in so doing, vacated his mandatory life sentence under *Miller* and *Montgomery*.

Sentencing Memorandum, 8/7/17 at 5. On this basis, counsel argued against the re-imposition of a LWOP sentence. Specifically, she argued that Appellant is not "one of the rarest of juvenile offenders whose crime reflects permanent incorrigibility, irreparable corruption, or irretrievable depravity." *Id.* at 8. In support, she pointed out that Appellant "focused on changing his life for the better by participating in therapeutic communities and victim awareness classes. He has devoted significant time to Bible study since 2012 and completed multiple courses with the Crossroad Bible Institute." *Id.* Attached to Appellant's sentencing memorandum were nine certificates, indicating his participation in therapeutic support groups, victim's awareness class, and Bible study.[3]

On December 5, 2017, the Commonwealth filed a "Motion for a Mental Health Examination of [Appellant]," requesting that the trial court direct Appellant to submit to an examination by the Commonwealth's expert. Appellant filed an answer to the motion, noting that "he does not intend at this time to subject himself to ay psychiatric or psychological evaluation by a defense retained expert." On December 19, 2017, the trial court denied the Commonwealth's motion.

On July 24, 2018, the trial court conducted a resentencing hearing, at which the Commonwealth first presented the testimony of Dr. John O'Brien,

---

[3] We observe that with the exception of the May 13, 2013, and September 17, 2014 certificates for his participation in Bible study, all of Appellant's other certificates post-dated the Supreme Court's January 25, 2016 issuance of *Montgomery*.

board certified in general psychiatry and forensic psychiatry. N.T. Resentencing, 7/24/18, at 4-6. Despite being unable to conduct a direct examination of Appellant, Dr. O'Brien reviewed "over [one] thousand pages" of Appellant's records to determine whether Appellant was "permanently incorrigible." *Id.* at 13-16. Dr. O'Brien in particular testified that Appellant had used a weapon in the murder of Representative Telek, his subsequent assaults of correctional officers in 1993 and 1999 and his aggravated assault of a prison inmate in 2015. *Id.* at 17-20. Dr. O'Brien opined to a reasonable degree of medical certainty that Appellant suffers from "antisocial personality disorder." *Id.* at 14, 23. Dr. O'Brien explained that "sometimes individuals with antisocial disorder and other personality disorders can exhibit a mollification of their personality disorder symptoms with age, and I do not see that in [Appellant's] case in terms of my review of his records." *Id.* at 23-24. Dr. O'Brien added that Appellant

> has an untreatable and unchanging condition. It's my opinion that he is not amenable to treatment and rehabilitation in the correctional system, and that from a legal perspective in my opinion, he does exhibit and his crimes reflect and that includes the offense and crimes since his entry into custody permanent incorrigibility, irreparable corruption, and irretrievable depravity.

*Id.* at 24-25. The trial court next heard statements by Representative Telek's daughters. Appellant declined his right to allocution or offer any expert testimony in counter Dr. O'Brien's opinion. The trial court resentenced Appellant to LWOP. In so doing, the trial court explained that its decision was based specifically on:

the 36 assaults just from 1997 to 2017, plus all of those that occurred in the first nine years of which we don't have a record of other than the August 1993 shank assault of a corrections officer. Also based on the subsequent crimes of violence from '93 to '99 and as recently as just a few years ago in April 2015. So his extreme assaultive history has been established beyond a reasonable doubt.

*Id.* at 65. Appellant filed post-sentence motions, which the trial court denied on August 7, 2018. On September 7, 2018, the thirty-first day after the denial of his post-sentence motion, Appellant filed a notice of appeal. On October 15, 2018, we *sua sponte* quashed as untimely Appellant's appeal at docket number 1510 MDA 2018. On December 26, 2018, Appellant filed a PCRA petition requesting *nunc pro tunc* reinstatement for his direct appeal rights. The PCRA court granted relief and Appellant timely filed the instant appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises two issues for our review:

I. Was not the evidence insufficient to prove beyond a reasonable doubt that the factual/legal predicates for imposing a [LWOP] sentence on a person who was a juvenile at the time of the commission of the offense?

II. Was not the reimposition of a [LWOP] sentence clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offense, and [Appellant's] rehabilitative needs?

Appellant's Brief at 6 (unnecessary capitalization omitted). In support of his first issue, Appellant argues that, contrary to the trial court's conclusion, the Commonwealth did not prove beyond a reasonable doubt that he is one of those exceedingly rare and uncommon juveniles who are permanently

incorrigible.[4]  With respect to his second issue, Appellant argues that the trial court abused its discretion in failing to consider mitigating factors when fashioning his LWOP sentence.  Specifically, Appellant claims that the LWOP sentence is excessive because the trial court did not account for his successful participation in various programs.[5]

_____

[4] To the extent Appellant argues that Dr. O'Brien failed to consider certain documents evidencing his participation in various programs, such argument is waived because Appellant failed to include it in his Rule 1925(b) statement or question presented.  *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

[5] We have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."  *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).  Thus, consistent with the foregoing cases, Appellant's claim does not raise a substantial question for our review.  Even if we were to review the merits of Appellant's sentencing claim, he still would not be entitled to relief.  It is well-settled that "[w]here the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'"  *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Here, as explained in its Rule 1925(a) opinion, the trial court not only reviewed Appellant's PSI, but also examined his sentencing memorandum which

After careful review of the record and relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's issues in this appeal. *See* Trial Court Opinion, 3/29/19 at 18-23. With respect to Appellant's sufficiency argument,[6] the trial court determined that Appellant was not amenable to rehabilitation because of his permanent

_____

detailed his efforts at rehabilitation. Additionally, the trial court's finding that Appellant simply is not amenable to rehabilitation irrespective of the steps that he may take toward that goal is supported by the record. *See* Trial Court Opinion, 3/29/19 at 23 (finding that "that there is no possibility that [Appellant] can be rehabilitated at any point later in his life, no matter how much time he spends in prison and regardless of the amount of therapeutic interventions he receives.").

[6] "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

incorrigibility which was established beyond a reasonable doubt at the resentencing hearing. The trial court reasoned:

> [Appellant] has an extreme violent assaultive history, and over thirty prison misconducts between 1997 and 2017. The credible and unrebutted evidence established that [Appellant] suffers from antisocial personality disorder. Furthermore, it is well-established that this disorder is untreatable or as Dr. O'Brien described, "is a permanent part of an individual's behavior—characterological fabric." While such a disorder is potentially subject to mollification in later years, the evidence presented showed absolutely no indication [Appellant] is currently less prone to violence than he was when he was younger. Notably, a few years ago he attacked and stabbed a prisoner with a bolt, unprovoked, and expressed no compunction against killing him.

*Id.* at 22. With respect to Appellant's second issue, the trial court concluded that it did not abuse its discretion in resentencing him to LWOP "because the record clearly established that [Appellant's] threat to public safety is serious." *Id.* at 23. Appellant "is incapable of change and should never be afforded the chance of leaving prison." *Id.* The trial court determined that "rehabilitation is impossible." *Id.* Accordingly, we affirm the trial court's July 24, 2018 judgment of sentence. We further direct that a copy of the trial court's March 29, 2019 opinion be attached to any future filings in this case.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019

- 8 -