582 A.2d 1339

**COMMONWEALTH of Pennsylvania**

v.

**Angel Ramon SCHUEG, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1990.

Filed Dec. 3, 1990.

Robert B. Evanick, Public Defender, York, for appellant.

Gerald A. Lord, Asst. Dist. Atty., York, for Com.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence imposed following appellant's guilty plea to a charge of involuntary manslaughter. Appellant raises two claims involving the discretionary aspects of the sentence. We affirm.

On March 6, 1989, appellant was arrested and charged with criminal homicide and aggravated assault in connection with the shooting death of a ten-year old boy. On October 12, 1989, pursuant to a negotiated plea agreement, appellant pleaded guilty to involuntary manslaughter, and the Commonwealth *nol prossed* the aggravated assault charge.

There was no agreement regarding a sentencing recommendation. The court below accepted the plea and directed that a pre-sentence report be compiled. Thereafter, on November 30, 1989, appellant was sentenced to a one-and-one-half-to-three-year term of incarceration. Appellant filed motions for reconsideration of sentence on December 8 and December 19. Appellant did not file a timely appeal, however. Appellant's counsel, the Public Defender, then filed a petition under the Post Conviction Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541–9546, alleging its own ineffectiveness for failing to perfect an appeal. On January 29, 1990, the court granted appellant the right to appeal from the judgment of sentence *nunc pro tunc*. Two days later, on February 1, the court denied the motions to modify sentence. This timely appeal followed.

Appellant raises two claims concerning the discretionary aspects of the sentence imposed. Appellant's brief contains a statement of reasons relied upon for allowance of appeal, and thus it complies with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). We may now proceed to determine, in our own discretion, whether appellant's claims present substantial questions for our review.

▮▮▮ Appellant first argues that "the lower court erred in failing to place on the record sufficient reasons to justify a sentence of total confinement." Brief for Appellant at 9. This claim is not preserved for appellate review. Issues regarding the propriety of a sentence are waived unless they are raised before the sentencing court in a motion to modify the sentence. *See, e.g., Commonwealth v. Krum*, 367 Pa.Super. 511, 515–16, 533 A.2d 134, 135 (1987) (en banc). Here, although appellant claimed in his motion to modify that the court's statement of "aggravating factors" was inadequate, he did not challenge the adequacy of the court's statement of its reasons for imposing a sentence of total confinement. Accordingly, the claim is waived.

■ Appellant's remaining sentencing claim is that the sentencing court erred in applying a "going rate analysis" in formulating its sentence. In his Rule 2119(f) statement, appellant elaborates on this claim as follows:

[The court's sentencing theory is] that there is a going rate for certain offenses in this particular jurisdiction, that the Probation Department's job is to gauge the going rate among all judges and make recommendations that are consistent with the going rate and consistent with what the other judges are doing in other courtrooms, and that the Lower Court's job is to start his analysis with the going rate that was determined by the Probation Department.

The court expressed a need to conform his sentence to what he believed other judges in his jurisdiction were sentencing similar criminal defendants to.

Brief for Appellant at 8. The apparent gravamen of appellant's argument is that the sentence was improper because the court relied primarily on the Probation Department's recommendation and other judges' treatment of similar crimes, rather than considering his particular circumstances. We are satisfied that this claim presents a substantial question for our review. Pennsylvania has a system of indeterminate sentencing, which carries with it a recognition of the need for individualized sentencing. *See Commonwealth v. Devers*, 519 Pa. 88, 91–92, 546 A.2d 12, 13 (1988); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). This system necessitates granting broad discretion to the trial judge in the formulation of a proper sentence. *See Commonwealth v. Devers, supra; Commonwealth v. Martin, supra.* The trial court cannot delegate this authority to any person or group. *See Commonwealth v. Bastone*, 321 Pa.Super. 232, 237–38, 467 A.2d 1339, 1342 (1983); *see also Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980). In light of the importance of individualized sentencing, and the extreme deference that is paid to a trial court's determination regarding sentencing, a claim that the court improperly delegated the responsibility

for formulating a sentence raises a colorable argument that the sentence imposed was an abuse of discretion. *Cf. Commonwealth v. Erb,* 286 Pa.Super. 65, 81, 428 A.2d 574, 582 (1981) (sentence included restitution; *held:* court is not free to delegate duty of determining amount of loss or damage caused by defendant's conduct, what amount of restitution defendant could afford, and how defendant should pay it). *Accord Commonwealth v. Ragoli,* 362 Pa.Super. 390, 524 A.2d 933 (1987) (plurality opinion). Accordingly, we grant allowance of appeal as to this issue.

On the merits of this claim, however, it is clear that appellant is not entitled to relief. Appellant's claim is based upon comments that the court made during the hearing on the motion to reconsider sentence. At this hearing the court emphasized the importance of the presentence report and the recommendations made by the Probation Department. The court noted that the Probation Department's recommendation of a sentence can be an important tool in formulating a sentence because:

> that figure is valuable because it acts as a—partially as a check and balance in the sense that the Court makes its own evaluation to that extent, and if it comes out to be in the same area or the same ballpark as the recommendation, that's some indication that it is in fact in the proper ballpark. To this Judge if he is substantially higher or lower than probation, that serves as a warning bell.

N.T. February 1, 1990 at 9. The court further noted that the recommendation could be helpful in that it could give the sentencer a sense of how other judges evaluated similar cases:

> these people [defendants] find their way back to probation so that [the probation department] see[s] the sentences in the various courtrooms, and therefore, get[s] an idea of how the judges as a group are sentencing.... So that by having their recommendation I am in effect receiving an indication of what, as I said earlier, is the going rate which brings me in touch with what other

judges are doing so that my sentences can be somewhat consistent with them.

*Id.* at 10. The court was careful to emphasize, however, that it did not allow this "going rate" to substitute for its discretion. The court clearly articulated this point at the outset of its discussion of the issue:

the purpose of the recommendation is not to set the sentence. The purpose of the recommendation is to give the Court a ballpark area that the experienced members of the probation staff feels that the sentence falls into.

*Id.* at 9. The court further elaborated on the limited role of the "going rate" recommendation, as follows:

However, after receiving all this information and input that I've just described, I want to make it clear that the bottom line is that that recommendation is no more than a recommendation and I don't consider it to be one person's personal opinion or that they're being substituted as judge.

I indicated that I take it as an indicator, a barometer, a ballpark indicator, and I consider it along with all the other facts that I have available. If I disagree with it, I do what I think is right, and the recommendation has absolutely no significance beyond that. Therefore, despite any of the testimony this morning, I see absolutely nothing improper in the procedure that was followed.

\*     \*     \*     \*     \*     \*

As long as the judge's decision is made on all the information available, including the recommendation, and assuming it's his decision alone, I don't think there's anything improper.

*Id.* at 10–11. These comments indicate that, although the court *considered* the "going rate" provided by the Probation Department, it did not feel obliged to "conform" to this rate and it in no way delegated its responsibility for formulating an individualized sentence that was consistent with appellant's background, the gravity of the offense, and the protection of the public. Accordingly, appellant's claim that the court abused its discretion in this regard is meritless.

58

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.