J-S54021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTY JOSEPH MILLARD | |
| Appellant | No. 1801 WDA 2015 |

Appeal from the Judgment of Sentence May 6, 2013
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000864-2008

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 20, 2016**

Marty Joseph Millard[1] appeals from the judgment of sentence imposed on May 6, 2013, in the Court of Common Pleas of Venango County, following his conviction on charges of rape, attempted rape, incest, endangering the welfare of children, and corruption of the morals of a minor.[2]  Millard received an aggregate sentence of 16.5 to 40 years' incarceration and was determined to be a sexually violent predator (SVP).  The charges arose from his years long sexual abuse of his daughter.  In this timely appeal,[3] Millard

_____

[1] Throughout the certified record, the Appellant's first name is listed as Marty, not Martin.

[2] 18 Pa.C.S. §§ 3212(a)(1), 901(a), 4302, 4304(a)(1), and 6301(a)(1), respectively.

[3] This matter has a rather complex procedural history that includes reinstatement of direct appellate rights, a grant of relief based on a
*(Footnote Continued Next Page)*

claims the trial court erred in finding he was an SVP, and that his sentence was manifestly excessive. After a thorough review of the certified record, relevant law, and appellant's brief,[4] we affirm.

We recount the factual history of this matter as related by the trial court in its Pa.R.A.P. 1925(a) opinion.

> [Millard] and Victim are father and daughter. The abusive behavior began when Victim was around 5 or 6 years old. Initially, the behavior consisted of [Millard] fondling, digital penetration and performing oral sex on the Victim. This behavior lasted until Victim was 8 years old, then ceased. When Victim was 14, the abuse began again, this time included vaginal penetration. On at least one occasion, Victim was restrained by being tied up, and had a sock stuffed into her mouth. The abuse occurred a couple of times a week to a couple of times a month until Victim was 24. In June 2008, [Millard] attempted another assault of Victim, but Victim was able to physically repel [Millard]. This incident led to the report, eventually leading to charges and a conviction.

Trial Court Opinion, 2/29/2016, at 1.

We further note that following his conviction, Millard was evaluated under the Sexual Offenders Registration Notification Act (SORNA),[5] received

_(Footnote Continued)_ _____

Pa.R.Crim.P. 600 speedy trial violation, and a subsequent reversal of that relief. **See Commonwealth v. Millard**, 26 A.3d 1199 (Pa. Super. 2011) (unpublished memorandum). We direct interested parties to pages 2-3 of the trial court opinion for a complete recitation of the procedural history of this matter. **See** Trial Court Opinion, 2/29/2016. We need only note here that the instant matter is timely.

[4] The Commonwealth opted not to file an appellee's brief.

[5] 42 Pa.C.S. § 9799.10 _et seq._

a hearing on April 23, 2015 pursuant to that evaluation, at which time the trial court determined him to be an SVP.

Our standard of review regarding the determination of a defendant's SVP status is as follows:

> The determination of a defendant's SVP status may only be made following an assessment by the [Sexual Offenders Assessment Board ("SOAB")] and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.
>
> The standard of proof governing the determination of SVP status, i.e., "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.
>
> * * *
>
> The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue."

*Commonwealth v. Morgan*, 16 A.3d 1165, 1168 (Pa. Super. 2011) (citation omitted).

In his first issue, Millard argues the trial court erred in determining he was an SVP. Specifically, he claims the trial court improperly discounted the facts that he had no prior sex offenses, did not establish the relationship

- 3 -

with his daughter in order to violate her, and that he did not victimize multiple people.

On April 23, 2013, the trial court held a combined Megan's Law/Sentencing hearing, at which Brenda Arlene Manno testified for the Commonwealth. Ms. Manno is a licensed clinical social worker, owner of Project Point of Life and is an appointed member of the Sexual Offenders Assessment Board. She conducted the SVP assessment on Millard. Millard declined to give an interview in the process. She has conducted in excess of 750 SVP assessments. Of those, 244 were determined to be SVPs. N.T. Sentencing, 4/23/2013, at 17. Project Point of Life provides outpatient treatment for adult and juvenile sex offenders and victims of sexual abuse. *Id*. at 16. The trial court noted, and our review of the notes of testimony confirms, that Ms. Manno conducted a comprehensive review of the relevant materials available in order to conduct her analysis.

In the Pa.R.A.P. 1925(a) opinion, the trial judge stated:

> Testifying in her professional capacity, called by the Commonwealth, Ms. Manno opined that [Millard] met the requirements of a sexually violent predator. In her testimony, Ms. Manno walked through each of the 14 enumerated factors described in what is now § 9799.24. She further testified that she considered documents including police reports, court orders, affidavit of probable cause, transcripts of previous hearings, and ChildLine records, though [Millard] opted to not be interviewed for the assessment. She analyzed these documents against the factors and found that [Millard] met the criteria for paraphilia not otherwise specified (NOS), meeting the statutory requirement of a mental abnormality or personality disorder. She also found that due to [Millard's] position of power over the victim and the nature of the offenses, the behavior classified as "predatory."

- 4 -

Accordingly, Ms. Manno found, with a reasonable degree a professional certainty, that [Millard] met the requirements of a sexually violent predator.

[Millard] did not offer an expert in rebuttal. Therefore, the court was left to [determine] the credibility of the Commonwealth's expert witness. As detailed in the Order of Court dated April 23, 2013,[6] detailing the Findings of the Megan's Law hearings, the court found Ms. Manno's testimony credible and appropriate. As such, the court concluded that the Commonwealth presented clear and convincing evidence that [Millard] warranted classification as a sexually violent predator, meeting the second prong of the analysis under § 9799.12.

Trial Court Opinion at 11-12.

Although Millard is correct that there were some factors that did not weigh in favor of a determination he was a sexually violent predator, he provides no authority for the proposition that a person must meet all the factors. Our review of Ms. Manno's testimony confirms the trial court's conclusion that the Commonwealth presented sufficient, clear and convincing evidence to demonstrate Millard was a sexually violent predator. Millard is not entitled to relief on this issue.

Next, Millard challenges the discretionary aspects of his sentence, claiming the sentence was manifestly excessive in that it does not represent an individualized sentence and the sentences on the different charges were imposed consecutively.

_____

[6] The order is misdated as April 22, 2013. However, it is clear that the order was drafted after the April 23, 2013 SVP/Sentencing hearing. The order was filed on April 24, 2013.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citation omitted).

Additionally, we note:

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Id*. at 825-26.

As noted previously, the appeal is timely; Millard preserved the issues in his post-sentence motion and in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal; and, he has provided a concise statement pursuant to Pa.R.A.P. 2119(f). However, regarding whether his claims raise a substantial question,

[A] defendant *may* raise a substantial question where he receives consecutive sentences within the guideline ranges if the

case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Millard's brief simply states: "Mr. Millard argues that the sentence was unreasonable, especially in its consecutiveness." *See* Appellant's Brief at 9. This is nothing more than a bald allegation of excessiveness, and so this aspect of his claim does not raise a substantial question.[7]

Millard also claims the trial court failed to impose an individualized sentence. This allegation does raise a substantial question. *See generally*, *Commonwealth v. Scheug*, 582 A.2d 1339 (Pa. Super. 1990) (claim of failure to impose individualized sentence raises a substantial question). Even a brief review of the certified record belies this allegation. At sentencing, the trial court heard and considered Millard's allocution as well as several witnesses who testified to Millard's good reputation in the community and their personal trust in him. The trial court also heard and considered the Commonwealth's arguments regarding sentencing. Finally, immediately prior to imposing sentence the trial court stated:

Before I impose sentence let me just cover a couple of things real quick. Mr. Millard I did sit through the trial. I listened to the testimony and the evidence that was presented. I know that

---

[7] Even had Millard managed to raise a substantial question regarding the consecutive nature of the sentences, our review of the certified record leads us to conclude he would not have been entitled to relief.

you have indicated, and your supporters, and there were some letters that had been submitted previously and I read them, maintain your innocence. However, the jury convicted you of this offense. As I sentence you on these offenses I am sentencing [you] as a convicted offender. I am sentencing you based on the conduct that was testified to and the conduct in which the jury has convicted you.

N.T. Sentencing, 4/23/2013 at 41.

The certified record clearly demonstrates that the trial judge imposed the sentence with appropriate consideration of the facts and circumstances of Millard's crimes. Accordingly, Millard is not entitled to relief on this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016