**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA R. BOUCHEY, | |
| Appellant | No. 1336 WDA 2016 |

Appeal from the Judgment of Sentence August 17, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-02-CR-0001498-2015

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 6, 2017**

Appellant, Joshua R. Bouchey, appeals from the judgment of sentence imposed following revocation of his probation. Counsel for Appellant has petitioned to withdraw on the ground that his issue on appeal is wholly frivolous.[1] We grant counsel's petition to withdraw and affirm the judgment of sentence.

We take the following relevant facts and procedural history of this case from our independent review of the certified record. On August 19, 2015, Appellant pleaded guilty to burglary at the instant docket number, 1498-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

2015.[2]   The charge arose from his taking of two fire safes containing personal paperwork, collectors' coins, and paper currency, from a residence in April of 2015.[3]   On the same day Appellant entered the plea, the court sentenced him to a term of twenty years' probation, consecutive to the sentence imposed at Docket Number 1259-2015.

On August 17, 2016, the trial court held a parole/probation revocation hearing because Appellant fled to North Carolina after the treatment facility unsuccessfully discharged him.   The court revoked Appellant's probation at the instant docket number,[4] and immediately sentenced him to a term of not less than three nor more than six years' incarceration, followed by three years' probation, consecutive to the sentence imposed at Docket Number 1259-2015.   Appellant filed a timely motion for post-sentence relief, which the trial court denied on August 25, 2016.   **See** Pa.R.Crim.P. 708(E).   On August 26, 2016, Appellant filed a post-sentence motion seeking a

---

[2] 18 Pa.C.S.A. § 3502(a)(2).

[3] Appellant also pleaded guilty to theft by unlawful taking, at separate Docket Number 1259-2015.   The trial court accepted him into treatment court and imposed a term of not less than nine nor more than twenty-three and one-half months, with a parole date of August 27th to go to a treatment facility.   (**See** N.T. Guilty Plea and Sentencing, 8/19/15, at 10, 18-19).

[4] The court also revoked Appellant's parole at Docket Number 1259-2015, and imposed a sentence of not less than nine nor more than twenty-three and one-half months' incarceration.   (**See** N.T. Revocation Hearing, 8/17/16, at 14).

- 2 -

determination that he is boot camp eligible,[5] which the trial court denied on August 29, 2016. On September 7, 2016, Appellant filed a timely notice of appeal, and his counsel filed a statement of intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4). On September 12, 2016, the trial court issued a statement indicating that no opinion is necessary in light of counsel's filing. *See* Pa.R.A.P. 1925(a).

On December 19, 2016, counsel filed an *Anders* brief and a petition to withdraw as counsel stating her belief that there are no non-frivolous issues to raise on appeal. (*See* Petition to Withdraw as Counsel, 12/19/16, at unnumbered page 1 ¶ 3). Counsel submitted to this Court a copy of her letter to Appellant, enclosing a copy of the *Anders* brief. (*See* Letter from Tina M. Fryling, Esq. to Appellant, 12/16/16, at unnumbered page 1). Appellant has not responded.

> [I]n the *Anders* brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

---

[5] "Boot camp is a six month program which provides inmates with regimented work activity, training, education and counseling. Upon completion of the program the inmate is automatically released on parole." *Commonwealth v. Gunter*, 849 A.2d 587, 589 n.2 (Pa. Super. 2004) (citations and internal quotation marks omitted).

on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel to either comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. O'Malley***, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied with the ***Anders*** and ***Santiago*** requirements. She has submitted a brief that summarizes the case, (***see Anders*** Brief, at 2); referred to anything that might arguably support the appeal, (***see id.*** at 3-6); and set forth her reasoning and conclusion that the appeal is frivolous, (***see id.*** at 6-7). ***See Santiago***, ***supra*** at 361. Counsel has sent Appellant a letter enclosing a copy of the ***Anders*** brief and petition to withdraw, and notifying him of his right to retain new counsel or proceed *pro se*. Because counsel's petition and brief satisfy the requirements of ***Anders*** and ***Santiago***, we will undertake our

own review of the appeal to determine if it is wholly frivolous. ***See O'Malley***, ***supra*** at 1266.

The ***Anders*** brief raises one issue for our review: "Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, especially in that the sentence did not take into account the fact that [Appellant] would have benefitted from boot camp?" (***Anders*** Brief, at 1) (unnecessary capitalization omitted).[6] Appellant's claim challenges the discretionary aspects of his sentence.

> Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.
>
> > Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.
>
> ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

---

[6] The Commonwealth did not file a brief.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014),

*appeal denied*, 109 A.3d 678 (Pa. 2015) (one case citation omitted).

Here, Appellant filed a timely notice of appeal and preserved his claim by filing post-sentence motions. Counsel has included the requisite Rule 2119(f) statement in the ***Anders*** brief, which alleges that Appellant's sentence is manifestly excessive because it was not individualized to his particular circumstances and needs. (***See Anders*** Brief, at 3-4). Appellant maintains that the court should have included boot camp eligibility in the sentence and run his sentences concurrently, where the record reflects that "he is a 32 year old father of three [children] who had been employed, . . . [and] turned his life around while in rehabilitation[.]" (***Id.*** at 5; ***see id.*** at 3-4). Because a claim that the court failed to impose an individualized sentence raises a substantial question, we will review the merits of Appellant's issue. ***See Commonwealth v. Schueg***, 582 A.2d 1339, 1340-41 (Pa. Super. 1990).

> Our standard of review is well-settled. We have explained:
>
> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give

great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Colon*, *supra* at 1043–44 (case citations and quotation marks omitted). "We note that the imposition of consecutive rather than concurrent sentences generally lies within the discretionary power of the sentencing court." *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 n.8 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (citations omitted).

Instantly, at the revocation hearing, the trial court heard from Appellant's counsel, who recounted his family circumstances and employment history. (*See* N.T. Revocation Hearing, at 8). The court also heard from Appellant's long-time girlfriend and mother of his children, who

- 7 -

explained his struggle with addiction and his efforts to improve his life, and described him as a caring, loyal person, and a wonderful father. (*See id.* at 8-10). Appellant expressed remorse for his actions in failing to complete treatment and fleeing to North Carolina, and acknowledged that he "made some very poor decisions based on what [he] thought to be the immediate needs of [his] family[.]" (*Id.* at 11). The Commonwealth noted that Appellant had failed to take advantage of treatment opportunities, and asked the court to impose a term of incarceration, based on its agreement with the probation department that he is not amenable to treatment. (*See id.* at 11-12). The trial court then set forth the reasons for its sentence as follows:

> I've read the revocation summary, I've read [the] letter [Appellant sent to the court], I've listened to the evidence presented here today and there's very little to be found in terms of mitigation here, [Appellant].
>
> There's no dispute that there's a need for drug and alcohol services. You were admitted into Treatment Court on some very serious charges at two different docket numbers[.] . . . And you were given the benefit at that time of not going to State Prison, you were given the benefit of treatment and you didn't even last 30 days, basically.
>
> I've read your letter, I've heard what your girlfriend had to say, and, quite honestly, I don't accept the explanation as to why you left [the treatment facility]. And it's inexcusable from that point as to why you didn't come back. Your probation officer required or requested that you report and you don't report and you don't come to court and you go AWOL. You'd still be AWOL but for the fact you got arrested in North Carolina.
>
> So the fact that you had children didn't affect your ability to make responsible decisions in terms of being under supervision for some very serious offenses and for thumbing your nose really at opportunities to be rehabilitated. And I

- 8 -

understand why the probation office takes the position that you're not amenable to community supervision because left to your own devices you're not under supervision, and that's not good.

(**Id.** at 13-14).

Upon review, we discern no abuse of discretion in the trial court's imposition of sentence. **See Colon**, **supra** at 1043–44. The record reflects that revocation and a sentence of imprisonment for Appellant, who had failed to complete treatment and absconded to another state, was essential to vindicate the authority of the court. **See id.** Accordingly, Appellant's issue on appeal does not merit relief. Furthermore, after independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **O'Malley**, **supra** at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2017