J-S36019-19
J-S36020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA MARIE VILLANUEVA | : | |
| | : | |
| Appellant | : | No. 1863 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 2, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001403-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA M. VILLANUEVA | : | |
| | : | |
| Appellant | : | No. 1864 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 2, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001893-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA MARIE VILLANUEVA | : | |
| | : | |
| Appellant | : | No. 1865 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 2, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0002119-2015

J-S36019-19
J-S36020-19

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 08, 2019**

In these related cases, Appellant Cynthia Marie Villanueva appeals from the judgments of sentence entered November 2, 2018, following the revocation of her parole and probation. Appellant's counsel has filed motions to withdraw and briefs pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgments of sentence and grant counsel's motions to withdraw.

The trial court set forth the following factual and procedural history:

> By way of background, in [criminal docket number] 2119-2015, Appellant was charged with retail theft and receiving stolen property, both misdemeanors of the second degree, for taking $120 worth of merchandise from J.C.Penney on October 27, 2015. On December 28, 2015, Appellant entered a guilty plea to retail theft and was sentenced to 18 months' probation.[1]
>
> [1] Appellant was already serving a sentence of 12 months' probation for retail theft in case 1920-2015.
>
> In [criminal docket number] 1403-2016, on August 2, 2016, Appellant was charged with retail theft, a felony of the third degree; false identification to law enforcement, a misdemeanor of the third degree; and possession of a small amount of marijuana, an ungraded misdemeanor for taking $353.40 worth of merchandise from Wal-Mart, providing a false name to law enforcement officials, and possessing 1.2 grams of marijuana on July 28, 2016. On September 12, 2016, Appellant pled guilty to these charges.
>
> In [criminal docket number] 1893-2016, on October 11, 2016, Appellant was charged with retail theft, a felony of the third

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

degree, for taking $39.85 worth of merchandise from Family Dollar on August 26, 2016.

On December 7, 2016, Appellant pled guilty to retail theft in case 1893-2016 and the court sentenced her to 18 months' probation. The court also sentenced Appellant to a consecutive term of 18 months' probation for retail theft in case 1403-2016. The aggregate sentence of 36 months' probation was to be served consecutive to any sentence Appellant was currently serving. As one of the conditions of Appellant's probation, the court directed Appellant to attend and complete the Drug Court Program. The court also found that Appellant violated the conditions of her probation in case 2119-2015 by committing these new offenses; however, rather than revoke Appellant's probation, the court ordered Appellant to complete the Drug Court Program.[2]

[2] As a result of the new offenses committed in 2016, the probationary sentence in 1920-2015 was revoked on December 7, 2016 and Appellant was sentenced to 100 days to 24 months' less one day of incarceration at the county prison. As Appellant had at least 100 days of credit toward this sentence, she was immediately paroled.

Unfortunately, Appellant did not successfully complete the Drug Court Program. Despite escalating sanctions, she continued to violate the conditions of the program. On March 21, 2018, she was removed from the program.

On June 21, 2018, the court found that Appellant violated the conditions of her probation (and her parole in case 1920-2015) by being removed from the Drug Court Program. The court sent Appellant for an evaluation to determine if she was appropriate for the State Intermediate Punishment (SIP) Program. New criminal charges were filed against Appellant after she was sent for the evaluation,[3] so she was either removed from the SIP Program or removed from consideration for the SIP Program and returned to Lycoming County for sentencing.

[3] *See* CP-41-CR-0001442-2018 and CP-41-CR-0001522-2018.

On November 2, 2018, the court revoked Appellant's probation and resentenced her to 3 to 7 years' incarceration in a state correctional institution for retail theft, a felony of the third

degree, under Information 1403-2016; a concurrent term of 3 to 7 years' incarceration for retail theft; a felony of the third degree, under Information 1893-2016; and a concurrent term of 1 to 2 years' incarceration for retail theft, a misdemeanor of the second degree, under Information 2119-2015. [Although Appellant was on parole at case number 1920-2015, her parole expired on August 18, 2018, and the trial court took no action under that number following the November 2, 2018 hearing.]

On November 13, 2018, Appellant filed a post sentence motion, in which she asserted that her sentence was excessive and unreasonable, and a notice of appeal. The court summarily denied the post sentence motion on November 28, 2018.

The court did not order Appellant to file a concise statement of errors complained of on appeal … .

Trial Court Opinion, 3/15/19, at 1–3. On February 28, 2019, this Court *sua sponte* consolidated the appeals at docket numbers 1863 MDA 2018 and 1864 MDA 2018. Order, 2/28/19. Upon our review, we have consolidated said appeals with the appeal at docket number 1865 MDA 2018.

Before we reach the merits of the appeal, we address two orders to show cause, filed on February 28, 2019. Therein, this Court asked Appellant to show cause why her appeal should not be quashed for failing to comply with *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case" and finding failure to comply will result in quashal of the appeal). In response to the orders to show cause, Appellant averred that she filed an identical notice of appeal to each docket and each notice listed the three dockets from which she was appealing;

thus, her only error was a failure to individualize the caption on each notice of appeal.[1]  Memorandums to Show Cause, 3/7/19.

This Court recently filed its decision in **Commonwealth v. Creese**, ___ A.3d ___, ___, 2019 PA Super 241, *2 (Pa. Super. filed August 14, 2019).  In that case, this Court found that an appellant that filed four identical notices of appeal at each docket did not comply with **Walker** because each notice of appeal contained all the docket numbers from which the appeals were taken. **Creese**, ___A.3d at ___. 2019 PA Super at *2.  Specifically, the Court found that **Walker** requires that each notice of appeal contain only one docket number.  **Id**.  Thus, despite filing a separate notice of appeal at each docket, we are constrained to find that Appellant has failed to satisfy **Walker** and its progeny.

Although Appellant failed to comply with the dictates of **Walker** and **Creese**, we find that error is due to a breakdown in the court system.  Indeed, after a review of the certified record, we note that when Appellant was sentenced, the trial court informed her that if she wanted to "file **an appeal** of this sentence," that appeal must be filed within thirty days.  N.T. (Sentencing), 11/2/18, at 26 (emphases added).  The trial court further stated, "Any appeal has to be filed within 30 days of this date.  It's limited to

---

[1]  In this case, although Appellant filed identical notices of appeal at each docket, each notice was filed with the appealed from docket highlighted to indicate the docket from which the appeal was taken.

- 5 -

what you can file **an appeal** on. You may also file a ten-day post-sentence motion but your **appeal** still **has** to be filed within 30 days." *Id* (emphases added). In making these statements, the trial court essentially told Appellant that there was one order from which she could appeal, despite the fact that she was being sentenced at three separate dockets, 1863 EDA 2018, 1864 EDA 2018, and 1865 EDA 2018.[2] The trial court's inaccurate statement that Appellant could file a single appeal from the sentences at three different dockets constitutes a breakdown of court operations such that the resultant defect in the notices of appeal may be overlooked. *See Commonwealth v. Stansbury*, __A.3d__, 2019 PA Super 274, (Pa. Super. filed September 5, 2019) (finding that appellant's failure to comply with *Walker* would be overlooked where a breakdown in the court system occurred where trial court misinformed the appellant that they may file "a written notice of appeal" although appellant was sentenced at two criminal dockets). We thus decline to quash Appellant's appeals for failure to comply with the dictates of *Walker*.

In these related and consolidated appeals, we must address the motions to withdraw filed by Appellant's counsel before we reach the merits of the appeals. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super.

_____

[2] We note that the certified records for these appeals contain only one copy of the sentencing hearing, which occurred on November 2, 2018, despite the fact that Appellant was sentenced at three different dockets. There is also only one written sentencing order, which lists the above three docket numbers, as well as criminal docket number 1920-2015, in the caption.

2013) (*en banc*). Before being permitted to withdraw from representation, counsel must satisfy certain procedural and substantive requirements:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

Herein, counsel's motions to withdraw state that she has conducted a careful and thorough review of the record, Appellant's file, and applicable case law and has determined the issue is meritless. Motions to Withdraw, 5/1/19, at 2. Counsel also attached a copy of the letters she sent to Appellant, in which counsel advised Appellant that she could retain private counsel or proceed *pro se*. **Id**. at exhibit A. Finally, we note that counsel attached a copy of the **Anders** briefs to her letters; thus, we find the procedural mandates for withdrawal have been satisfied.

Moving to the substantive dictates for withdrawal, counsel's **Anders** briefs must meet the following dictates:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (citing *Santiago*, 978 A.2d at 361)). In the instant case, counsel has filed *Anders* briefs that contain the history and facts of the case, make references to the facts which support Appellant's appeal, and set forth counsel's conclusion that the appeal is of no merit, as well as the reasoning behind that conclusion. Appellant has not filed any response. Accordingly, we find counsel has complied with the procedural and substantive requirements of *Anders* and *Santiago*; thus, we turn to the merits of the appeals.

In support of these appeals, counsel has identified the following single issue Appellant believes entitles her to relief:

> Whether the probation violation sentence of the court was unreasonable and excessive a) when you consider the sentencing code as a whole; b) when the sentence was greater than that requested [by] the probation office; c) when the court did not consider additional drug treatment options; d) when the court did not consider a county sentence; and e) when the court did not give weight to the positive things Appellant had done on probation.

*Anders* Briefs at 11. Because Appellant argues that the trial court imposed an excessive and unreasonable sentence, that argument implicates the discretionary aspect of Appellant's sentence. *Commonwealth v. Roberts*, 133 A.3d 759, 774 (Pa. Super. 2016).

On appeal, the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and the discretionary aspects of sentencing. *Cartrette*, 83 A.3d at 1033–34;

*Commonwealth v. Ortega*, 995 A.2d 879, 883–84 (Pa. Super. 2010). The right to appeal the discretionary aspects of a sentence is not automatic. *Cartrette*, 83 A.3d at 1042. A party must include a Pa.R.A.P. 2119(f) statement setting forth the reasons relied upon for allowance of appeal. *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). An appellant must persuade this Court that "there exists a substantial question that the sentence is inappropriate under the sentencing code." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008).

In the instant case, Appellant included a Pa.R.A.P. 2119(f) statement in both briefs. In the statements, Appellant avers that her sentence was unreasonable and excessive under the sentencing code as a whole because the court sentenced her for more time than the probation office requested and because the sentencing court failed to consider additional drug treatment options, a county sentence, and all the positive things Appellant had done on probation. *Anders* Briefs at 7. An excessiveness claim alone does not raise a substantial question; however, an excessiveness claim in conjunction with an assertion that the sentencing court did not consider mitigating factors may present a substantial question. *Zeigler*, 112 A.3d at 662. Here, Appellant asserts that the trial court's sentence is excessive and that the trial court failed to consider her rehabilitative needs and good behavior while on probation; thus, we find Appellant has raised a substantial question.

Our standard of review is well settled. We have explained:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Commonwealth v. Simmons**, 56 A.3d 1280, 1283–84 (Pa. Super. 2012).

**Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa. Super. 2014). "Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing…." 42 Pa.C.S § 9771(b).

The Lycoming County Adult Probation Office recommended that Appellant's probation should be revoked and she should be sentenced to an aggregate term of two-and-one-half years to six years of incarceration. N.T., 11/2/19, at 15.[3] The court sentenced Appellant to three to seven years of incarceration at docket number 140-2016, for retail theft, which was graded as a third degree felony. Order, 11/2/18. She was also sentenced to three to seven years of incarceration at docket number 1893-2016, also graded as a third degree felony conviction for retail theft. **Id**. Finally, the court sentenced her to one to two years of incarceration at docket number 2119-2015, which was a second-degree misdemeanor, for retail theft. **Id**. The

---

[3] Specifically, the probation office recommended Appellant receive two to five years of incarceration at docket numbers 1403-2016 and 1893-2016, to be served concurrently, and a term of incarceration of six to twelve months of incarceration at 2119-2015, to be served consecutively. N.T., 11/2/18, at 15.

court ordered the sentences to run concurrently; thus, Appellant's aggregate sentence was three to seven years of incarceration.

Upon review, we discern no abuse of discretion in the trial court's decision to impose a sentence of three to seven years of incarceration following revocation of Appellant's probation. Preliminarily, we note that the maximum sentence for a third degree felony is seven years of incarceration and the maximum sentence for a second degree misdemeanor is one to two years of incarceration. Thus, Appellant was sentenced within the statutory limits. *See* 18 Pa.C.S. §§ 1103(3), 1104(2). Moreover, Appellant's argument that the sentencing court abused its discretion because Appellant's sentence is above the recommendation of the parole office does not merit relief. *See Commonwealth v. Schueg*, 582 A.2d 1339, 1341 (Pa. Super. 1990) (noting that the trial judge has broad discretion in the formulation of a proper sentence, and the court may not delegate that authority to any person or group).

To the extent Appellant argues that the trial court's sentence was excessive and unreasonable because the trial court did not consider additional drug treatment options, a review of the records in these cases, and particularly the sentencing transcript dated November 2, 2018, makes clear that Appellant had been given numerous opportunities to receive treatment for her drug use. Indeed, Appellant had previously been placed in the Drug Court Program but was removed for numerous violations. N.T., 11/2/18, at 3. In addition to the

Drug Court Program, Appellant was provided structured intensive outpatient counseling and had a certified recovery specialist assigned to her. *Id*. at 7. Appellant also was offered continued counseling, medication, and the opportunity to seek in-patient drug treatment, which she refused. *Id*. at 9–10. Given the above, the trial court did not abuse its discretion in failing to consider other drug treatment options.

Similarly, Appellant's argument that the trial court's sentence was unreasonable and excessive because the court failed to consider county incarceration is equally flawed. As the trial court noted in its opinion, Appellant received short periods of county incarceration as Drug-Court-Program sanctions, and Appellant was sentenced to 100 days to twenty-four months of county incarceration after an earlier probation revocation. Trial Court Opinion, 3/15/19, at 7. Despite serving time in county incarceration, Appellant continued to violate the conditions of both her parole and probation following her release. *Id*. The trial court did not abuse its discretion by failing to consider county incarceration following her repeated failures to comply with the terms of her probation.

Finally, Appellant argues that her sentence was excessive because the trial court failed to consider the positive things Appellant had done on probation. As the trial court stated in its opinion, Appellant's record on probation is abysmal. Trial Court Opinion, 3/15/19, at 8. Indeed, despite being placed in the Drug Court Program, the State Intermediate Punishment

program, and being afforded a host of other opportunities, Appellant continued to violate her probation. When asked if she had anything to say on her behalf, Appellant admitted, "Instead of using the resources that I had in my corner I turned to the same people and things that brought me into trouble with the law in the first place, so I accept my accountability and any consequences that come my way." N.T., 11/2/18, at 20. Given the paucity of evidence of any positive action Appellant took while on probation, the trial court did not abuse its discretion. Appellant's issue does not merit relief. Further, this Court has conducted an independent review of the records and finds that no non-frivolous issues exist. *See Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006) ("Part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.")

Judgments of sentence affirmed. Motions to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2019

- 13 -