J-S61039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD C MARBURGER JR. | : | |
| | : | |
| Appellant | : | No. 2327 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000699-2017,
CP-46-CR-0001384-2017, CP-46-CR-0002299-2018,
CP-46-CR-0003322-2017, CP-46-CR-0005401-2016,
CP-46-CR-0007599-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD C MARBURGER JR. | : | |
| | : | |
| Appellant | : | No. 2328 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000699-2017,
CP-46-CR-0001384-2017, CP-46-CR-0002299-2018,
CP-46-CR-0003322-2017, CP-46-CR-0005401-2016,
CP-46-CR-0007599-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD C MARBURGER JR. | : | |
| | : | |
| Appellant | : | No. 2329 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000699-2017,
CP-46-CR-0001384-2017, CP-46-CR-0002299-2018,
CP-46-CR-0003322-2017, CP-46-CR-0005401-2016,
CP-46-CR-0007599-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
DONALD C MARBURGER JR. :
:
Appellant : No. 2330 EDA 2018

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000699-2017,
CP-46-CR-0001384-2017, CP-46-CR-0002299-2018,
CP-46-CR-0003322-2017, CP-46-CR-0005401-2016,
CP-46-CR-0007599-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
DONALD C MARBURGER JR. :
:
Appellant : No. 2331 EDA 2018

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000699-2017,
CP-46-CR-0001384-2017, CP-46-CR-0002299-2018,
CP-46-CR-0003322-2017, CP-46-CR-0005401-2016,
CP-46-CR-0007599-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v :

J-S61039-19

                      :

DONALD C MARBURGER JR.     :

                      :

      Appellant       :

                      :    No. 2332 EDA 2018

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-00005401-2016,
CP-46-CR-0000699-2017, CP-46-CR-0001384-2017,
CP-46-CR-0002299-2018, CP-46-CR-0003322-2017,
CP-46-CR-0007599-2017

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED DECEMBER 19, 2019**

Appellant Donald C. Marburger, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County on June 11, 2018, following his open guilty pleas to six, separate criminal files. We affirm.[1]

The trial court aptly set for the factual and procedural history herein as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] In a Per Curiam Order filed on August 28, 2018, this Court directed Appellant to show cause why this appeal filed on August 2, 2018, should not be quashed as untimely because there was no indication on the trial court docket that timely post-sentence motions had been filed. In his response filed on September 12, 2018, Appellant stated post-sentence motions had been filed electronically in all six cases on June 20, 2018, and were filed a second time by counsel, in person, at the Clerk of Courts on June 26, 2018.  Upon further review, we discern that the June 20, 2018, filing is reflected in the docket entries and the June 26, 2018, filing was acknowledged by the trial court in its Opinion.  *See* Trial Court Opinion, filed 3/12/19, at 4.  The post-sentence motions were denied in orders entered on July 3, 2018.

- 3 -

From 2016 to 2017, Appellant committed four (4) separate theft-related crimes, of which he entered into open guilty pleas. On October 8, 2016, Appellant entered into an open guilty plea for Criminal Trespass that occurred on May 11, 2016.[1] On October 20, 2017, the Appellant entered into three open guilty pleas for three separate charges of Burglary that occurred on October 17, 2016[2], February 1, 2017[3] and May 4, 2017[4], respectively. While awaiting sentencing on these matters, Appellant, on work release, committed two additional theft-related offenses. Appellant was charged with Theft by Unlawful Taking on October 24, 2017[5] and then Fleeing or Attempting to Elude an Officer on March 9, 2018[6]. Appellant entered open guilty pleas on these two matters on June 11, 2018.

The trial court had the benefit of a presentence investigation and weighed all sentencing factors in imposing sentence. Appellant is a career criminal that has a penchant for theft-related crimes. Appellant's first conviction occurred in 1976, and since then, he has spent the majority of his life engaging in various criminal activities. (*See* Pre-Sentence Investigation and Report.) Appellant has a total of twenty-three (23) prior convictions, the majority of which are theft-related crimes. (*Id*.) After pleading guilty to the two most recent matters, Appellant was sentenced to the following on June 11, 2018:

1. On Docket No. **CP-46-CR-0005401-2016**, Appellant pleaded guilty to Burglary- Not Adapted For Overnight Accommodation, after stealing tools from a victim's shed. (N.T.-Sentencing Hearing at 30:15-16, 6/11/18.) Appellant was sentenced to the mitigated guideline sentence of nine (9) to twenty-four (24) months in the state correctional institution.

2. Appellant subsequently pleaded guilty to the same charge of Burglary- Not Adapted For Overnight Accommodation on Docket No. **CP-46-CR-0001384-2017** and was sentenced to the mitigated guideline sentence of twenty-nine (29) to fifty-eight (58) months in the state correctional institution. Appellant employed a consistent *modus operandi* with regard to both cases, stealing items from both victims' sheds. (*Id*. at 30:17-20, 6/11/18.) This was a consecutive sentence to the aforementioned sentence.

3. On Docket No. **CP-46-CR-0000699-2017**, Appellant pleaded guilty to two counts of Burglary- Not Adapted For Overnight Accommodation. Appellant was sentenced on each count to the mitigated guideline sentence of twenty-nine (29) to fifty-eight (58) months in the state correctional institution to run concurrent to one another (***Id***. at 39:21-25, 6/11/18.) These sentences were consecutive to the aforementioned sentences.

4. On Docket No, **CP-46-CR-0003322-2017**, Appellant pleaded guilty to Burglary- Not Adapted For Overnight Accommodation, after stealing a large amount of copper wire from the victim's barn and was subsequently caught on the property. (***Id***. at 30:21-24, 6/11/18.) Appellant was subsequently sentenced to mitigated guideline sentence of twenty-one (21) to forty-two (42) months in the state correctional institution. This was a consecutive sentence to the aforementioned sentences.

5. On Docket No. **CP-46-CR-0007599-2017**, Appellant entered into an open guilty plea to a charge of Theft By Unlawful Taking, a misdemeanor of the first degree. On October 24, 2017, in Whitemarsh of Montgomery County, Appellant entered into 701 Hunt Lane and stole four copper downspouts. (***Id***. at 24:2-3, 6/11/18.) Appellant was subsequently sentenced to the mitigated guideline sentence of nine (9) to twenty-four (24) months in the state correctional institution. This was a consecutive sentence to the aforementioned sentences.

6. On Docket No. **CP-46-CR-0002299-2018**, Appellant entered into an open guilty plea to two separate charges: Fleeing or Attempting to Elude Officer, a felony of the third degree and Receiving Stolen Property, a misdemeanor of the first degree. On March 9, 2018, in West Norriton Township of Montgomery County, Appellant drove at a high rate of speed away from the police after they attempted to flag him down. (***Id***. at 24:3-13, 6/11/18.) Appellant was cognizant of the fact that the police were attempting to flag him down and continued to drive. (***Id***.) After being apprehended by the police, Appellant was found to be in possession of downspouts in the value of approximately $1,000 that he knew to be stolen. (***Id***.) Appellant was sentenced to

the mitigated guideline sentence of twenty-one (21) to forty-two (42) months in the state correctional institution and a two (2) year period of consecutive probation. This also was a consecutive sentence to all of the aforementioned sentences.

As all the individual sentences were ordered to run consecutive to each other, Appellant was sentenced on all six matters to an aggregate sentence of one hundred eighteen (118) months to two hundred sixty (248) months. (N.T. Sentencing Hearing at 41:15-17, 6/11/18.)

On June 26, 2018, Appellant filed his "Post-Sentence Motion for Modification of Sentence" on the basis that the aggregate sentence, in effect, can be considered a life sentence due to the fact that the Appellant was sixty (60) years old at the time of sentencing. (*See* Def Post-Sentence Motion, 6/27/18.) Subsequently, on July 3, 2018, the trial court denied said motion. (*See* Order, 7/3/18.)

On August 2, 2018, Appellant filed his Notice of Appeal from the trial court's Order. (*See* "Notice of Appeal", 8/2/18.) On September 20, 2018, the trial court directed Appellant to file his Concise Statement of Matters Complained of on Appeal ("Concise Statement") pursuant to Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.), § 1925(b). (*See* Court Order, 9/20/2018.) Appellant filed his timely Concise Statement, raising the following issue:

> 1. THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSE OF DISCRETION IN SENTENCING [APPELLANT] TO AN AGGREGATE SENTENCE OF 118 MONTHS TO 248 MONTHS, WHEREIN [APPELLANT] RECEIVED NUMEROUS CONSECUTIVE SENTENCES AND SAID SENTENCE AT [APPELLANT's] ADVANCED AGE RESULTED IN AN UNDULY HARSH AND EXCESSIVE SENTENCE[.]

("Concise Statement", 10/9/18.)

____

1 CP-46-CR-0005401-2016
2 CP-46-CR-0000699-2017
3 CP-46-CR-0001384-2017
4 CP-46-CR-0003322-2017
5 CP-46-CR-0007599-2017

6 CP-46-CR-0002299-2018

Trial Court Opinion, filed 3/12/19, at 1-4. Appellant's counseled notices of appeal herein were filed on August 2, 2018.

In his brief, Appellant presents the following issue for our review:

In sentencing [Appellant], the [t]rial [c]ourt committed an abuse of discretion, whereby the sentence imposed by the court was unduly harsh and excessive because the court failed to take into account the mitigating factors presented at sentencing relating to [Appellant's] [a]ge and the consecutive sentences imposed by the [c]ourt amounts to a life sentence.

Brief for Appellant at 6 (unnumbered).

Before we reach the merits of the issue Appellant presents on appeal which challenges the discretionary aspects of Appellant's sentence, we first must address this Court's orders to show cause filed on September 18, 2019, to each docket. Therein, this Court indicated that the notices of appeal contained multiple docket numbers from the court of common pleas, and we directed Appellant to show cause within ten days of the date of the orders why each above captioned appeal should not be quashed in light of the Pennsylvania Supreme Court's holding on June 1, 2018 in **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969, 971 (2018). Therein, the High Court held prospectively that where a single order resolves issues arising on more than one docket, an appellant must file separate notices of appeal for each case (stating "[w]hile we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court

docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal."). *Id*. at 977 (footnote omitted).

Appellant filed responses to the rules to show cause on September 25, 2019, wherein he explained that although the notices of appeal list all six docket numbers, he had submitted six, separate notices of appeal, all of which had been accepted by the court of common pleas, and had paid six, separate appeal fees to this Court. He further explained that six, separate Superior Court docket numbers were generated.

In a Per Curiam Order entered on October 4, 2019, upon consideration of the Commonwealth's unopposed application to consolidate the six appeals, this Court consolidated the appeals without prejudice for the merits panel to quash any or all of the appeals upon review. In this regard, we are guided by this Court's recent decisions in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019) and **Commonwealth v. Stansbury**, 2019 WL 4197218 (Pa.Super. Sept. 5, 2019) *reargument denied* November 12, 2019.

In **Creese**, this Court found that an appellant, like Appellant herein, who filed four, identical notices of appeal at each docket did not comply with **Walker** because each notice of appeal contained all the docket numbers from which the appeals were taken. **Id***.* at 1144. Specifically, we found that **Walker** requires that each notice of appeal list only one docket number. Thus, despite filing a separate notice of appeal at each docket, we were constrained to find that Appellant has failed to satisfy **Walker** and its progeny. **Id.**

In **Stansbury**, this Court again considered whether **Walker** and its progeny mandated quashal. In that case, the PCRA court had entered a single order at two criminal case docket numbers under one caption dismissing the appellant's *pro se* petition filed pursuant to the Post Conviction Relief Act[2] and granting counsel's request to withdraw. Ultimately, we held that the appellant's failure to comply with **Walker** would be overlooked as a result of a breakdown in the court system where the PCRA court had misinformed the appellant that he may file "**a** written notice of appeal" although appellant was sentenced at two criminal dockets.

Although Appellant herein failed to comply with the dictates of **Walker** and **Creese**, in light of **Stansbury**, we find that error is due to a breakdown in the court system. After a review of the certified record, we note that at Appellant's sentencing hearing on April 18, 2018, and at the direction of the trial court, his counsel informed him that whether or not he chose to file postsentence motions within ten days, he "can file **a direct appeal** to the Superior Court within 30 days of today or within 30 days of your postsenence motion being denied. Do you understand that?" Sentencing Hearing, 4/18/2018, at 26. The trial court then asked whether Appellant "understood the postsentence rights that [his] attorney reviewed with him apply to each

---

[2] 42 Pa.C.S.A. 9541-9546.

and every one of these cases? . . . Okay**, those are the same rights for every case**." ***Id***. at 27.

Later, the trial court instructed Appellant as follows:

> Your total sentence being 118 to 260 months, making your minimum nine years and eight months. This is the sentence you have earned, sir. And, quite frankly, I gave you a break by giving you mitigation because you accepted responsibility.
> Sir, your attorney went over your appellate rights as part of your postsentence colloquy that he went through which has been admitted. Do you understand those rights?

***Id***. at 41.

While the trial court informed Appellant that his postsentence rights apply to each of his cases, trial counsel previously had informed him that he could file "***a*** direct appeal" to this Court within thirty days (emphasis added). Furthermore, when discussing Appellant's aggregate sentence, the trial court referred in the singular to Appellant's previously completed postsentence colloquy. These conflicting statements could have lead to the understanding that the same notice of appeal should be filed at each separate docket, because Appellant appeals from the aggregate sentence he received on all dockets. Such an inaccurate suggestion that Appellant could file the same notice of appeal at six different dockets constitutes a breakdown of court operations such that, under the specific facts of this case, the resultant defect in the notices of appeal may be overlooked. ***Stansbury, supra***. ***See also Commonwealth v. Flowers***, 149 A.3d 867, 872 (Pa.Super. 2016) (holding breakdown in court operation granted this Court jurisdiction over an untimely

appeal where the trial court had failed to correct counsel's misinformation regarding deadline for filing appeal). In light of the foregoing, we decline to quash Appellant's appeals for failure to comply with the dictates of **Walker** and proceed to a consideration of the merits of the issue he presents on appeal.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010) (citations and internal quotations omitted).

Herein, although Appellant satisfied the first two requirements of the four-part **Moury** test, he has not included in his appellate brief a **separate**, concise Rule 2119(f) statement in compliance with the Pennsylvania Rules of Appellate Procedure, for his argument and Rule 2119(f) statement are one in the same. **See** Brief for Appellant at 10-14. In addition, the Commonwealth

objects to Appellant's failure to include his Pa.R.A.P. 2119(f) statement in a separate, enumerated section immediately before his argument section. *See* Brief for the Commonwealth at 7-9; *see also* Pa. R.A.P. 2119(f), Note; ***Commonwealth v. Robinson***, 931 A.2d 15, 19 (Pa.Super. 2007) (*en banc*) (stating that if an appellant raising a challenge to the discretionary aspects of sentencing fails to include a Rule 2119(f) statement in the brief, and the Commonwealth objects to this failure, then the claim is waived).

As the Commonwealth states, Appellant's combining his Pa.R.A.P. 2119(f) Statement with the argument portion of his appellate brief makes it impossible for this Court to discern where the statement ends and the argument begins. This conflating of the two necessary portions of the appellate brief also complicates this Court's analysis of whether a substantial question exists, for when doing so we are limited to a consideration of the Rule 2119(f) statement and will not look to materials outside thereof; bald assertions of sentencing errors do not suffice. ***See*** Commonwealth's Brief at 9; ***See Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018). Therefore, this claim appears to be waived.

However, as the Commonwealth observes, there is a triple space between paragraphs three and four of Appellant's argument Appellant's Brief at 9. To the extent we may discern this as an intentional signal of the end of the Rule 2119 statement and the argument portion of the brief, we will

proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the *Moury* test.

In doing so, we observe that in his post-sentence motion filed on June 20, 2018, Appellant admitted that while the trial court was within its discretion to impose consecutive sentences, its sentence amounted to "cruel and unusual punishment" where "the aggregate sentence of 118 months to 248 months in effect can be considered a life sentence for [Appellant] when he was 60 years old at the time of sentencing." Moreover, in his concise statement of the matters complained of on appeal filed on October 9, 2918, Appellant claimed he "received numerous consecutive sentences and said sentence at [Appellant's] advanced age resulted in an unduly harsh and excessive sentence." Therefore, that the portion of Appellant's purported Rule 2119(f) statement challenging the trial court's sentence for its failure to take into account mitigating factors revealed at sentencing is waived for Appellant waived this theory of relief for the first time in his appellate brief. *See* Pa.R.A.P. 302(a) (stating "[i]ssues not raised in the lower court are waived and cannot be raised for the first time of appeal.").

When considering whether Appellant's bald assertion that his sentence is "contrary to sentencing norms" in light of his "advanced age," constitutes a substantial question, we observe that his statements in this regard are conclusory and fail to explain what portion of the Sentencing Code with which

the sentence was inconsistent or how it ran contrary to sentencing norms. In fact, he cites no caselaw to support this claim. In fact, he cannot for:

> [w]e consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc* ) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), ***appeal denied***, 633 Pa. 774, 126 A.3d 1282 (2015); ***see also Commonwealth v. Ahmad***, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); ***Commonwealth v. Pass***, 914 A.2d 442, 446–47 (Pa. Super. 2006). Additionally, Appellant claims that the trial court failed to consider his mitigating circumstances, specifically his "advanced" age of over seventy years. Appellant's Brief at 50. In ***Commonwealth v. Eline***, 940 A.2d 421 (Pa. Super. 2007), we concluded that an appellant's argument that "the trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence does not raise a substantial question. ***Eline***, 940 A.2d at 435. In so concluding, we explained that "[t]his court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Id.*** (citation omitted); ***see Commonwealth v. Disalvo***, 70 A.3d 900 (Pa. Super. 2013) (citations omitted) ("This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."); ***see also Commonwealth v. Berry***, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); ***Commonwealth v. Cruz–Centeno***, 447 Pa.Super. 98, 668 A.2d 536, 545 (1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), ***appeal denied***, 544 Pa. 653, 676 A.2d 1195 (1996); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim

- 14 -

premised on the imposition of consecutive sentences and inadequate consideration of mitigating factors.

***Commonwealth v. Radecki***, 180 A.3d 441, 468-469 (Pa.Super. 2018).

Accordingly, we conclude that Appellant has failed to raise a substantial question with respect to his excessiveness claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/19